AUGUST 27, 1844,

*Ephraim H. Hudson* v. *Peter Plets.* O. L. BARBOUR, for complainant; W. L. F. WARREN, for defendant.

This was an application by the complainant for an attachment against the defendant in a judgment creditors bill for an alleged violation of the usual injunction granted in such cases, and also for refusing to be sworn before the master. The violation of the injunction complained of was the bringing an action of trespass against a third person for a trespass upon lands which belonged to the judgment debtor before the filing of the bill in this cause, and for bringing another suit against the same person for tort in seizing property of the judgment debtor which was exempt from execution. And the refusal of the defendant to be sworn took place under the following circumstances: The complainant's bill was filed in December 1842, and in January thereafter, the usual order of reference to appoint a receiver and for the defendant to assign and deliver over his property on oath under the direction of the master was entered. A receiver was duly appointed, and in February 1843, the defendant made the usual assignment of his property to the receiver under the direction of the master and was examined before the master as to his property, upon oath, as directed by the order of reference; and the receiver took possession of the property which upon such examination appeared to belong to the defendant, and the same was sold at public auction by the receiver and purchased by the com-

6

plainant on the first of May 1843. In September 1843, the master who had been superseded in his office by the qualification of a successor in the preceding April, issued a new summons to the defendant to appear before him and be examined in relation to his property. The defendant attended before the master and declined to be examined as to the matters of the complainant's bill or as to the property assigned and which had been sold by the receiver. But the master decided he must be re-sworn as to the matters of the reference generally.

THE CHANCELLOR. The defendant was right in supposing that the master had no power or authority to summon him before him and swear him again as to the matters of the reference. The object of the examination of the defendant upon the usual order to appoint a receiver, &c., and where the examination is not intended as a substitute for an answer to the complainant's bill, is to enable the master to determine and direct what property is to be delivered over to the receiver. After the notes and other choses in action in this case therefore had been delivered over to the receiver and had been sold by him, the defendant was not bound to answer any question in relation to such notes or other choses in action, even if the original examination before the master had been adjourned by the master, and had not been closed. And the defendant having been once sworn generally upon the reference, the master had no right to require him to be sworn a second time. But if a further examination was necessary or proper for any purpose, the complainant's solicitor should have propounded his questions as upon the original examination, without a new oath. And if the master decided that the questions were proper and had not been fully answered, the court would compel an answer to them, unless upon examination it appeared the decision of the master was wrong.—The defendant was therefore right in this case in refusing to be sworn generally a second time.

Again; it is evident in this case that the examination of the defendant under this order of reference had been once closed; and that the master had no authority under such or-

*(margin note:)* Defendant in a creditor's suit cannot be again sworn and examined before a master, after his examination is once closed.

der to issue a new summons for the purpose of compell-
ing the defendant to attend before him to submit to a
new examination, without a special order of the court for that
purpose. In these references under creditors bills the mas-
ter is not authorized to keep the reference open intorminably,
to enable the complainant to harrass the defendant with at-
tendances and re-examinations as often as the complainant
thinks proper. But when the defendant is summoned to at-
tend for the purpose of being examined and delivering over
his property the complainant should be compelled to proceed
with all reasonable expedition to complete his examination of
the defendant, either in answer to the matters of the bill or
as to the property which the defendant is required to assign
and deliver over to the receiver. And the master should not
adjourn the examination, or reserve the right to the complain-
ant to summon the defendant a second time before the mas-
ter, without some reasonable grounds. Where the defendant
attends before the master and is examined, if the reference
is not adjourned to some specified time, or the right reserved
to the complainant to have a further examination within some
reasonable time to be prescribed by the master, and upon a
further summons, the examination of the defendant will be
considered as closed, and the master's power under the order
of reference as spent. After that, if the complainant wishes Order for further
examination of
a further examination or desires directions as to the delivery defendant when
necessary.
of property subsequently discovered he must apply to the
court, upon proper affidavits and notice to the adverse party,
for an order authorizing or directing the same. So much
of this application therefore as seeks for an attachment
against the defendant for refusing to be sworn before the
master in September 1843 must be denied. And as the de-
fendant denies the existence of any property whatever, ex-
cept that which he had fully disclosed before the master on
his former examination, and which was delivered to the re-
ceiver, so far as it was capable of delivery, there is no ground
for making a special order authorizing a further examination
of the defendant.

The mere right of action of the judgment debtor for a

personal tort, as for assault and battery, slander, or a malici-ous prosecution, cannot be reached by the complainant in a judgment creditor's suit; nor will it pass to the receiver under the usual assignment of the defendant in such a suit. (*Benson v. Flower, Sir W. Jones' Rep.* 215, 1 *Deac. Bank. Law* 386.)

<span style="float:left">*A right of action by judgment debtor for a personal tort cannot be reached by a creditor's bill*</span>

But the right to an action for an injury to the property of the judgment debtor before the filing of the complainant's bill, whereby that property to which the creditor was entitled to resort for the payment of his debt is destroyed or diminished in value, appears to be such a thing in action as may properly be reached and applied to the payment of the complainant's ⋅ debt, under a creditor's bill. The bringing a suit for such a tort, however, without showing some injury which the complainant in the creditor's bill has sustained thereby, *is not* such a breach of the injunction as will authorize the granting of an attachment against the judgment debtor. The case would be otherwise if he had recovered a judgment and collected the amount thereof, or had released the right of action for the trespass. The suit against a third person for the tort in taking property which was exempt from execution, does not appear to be a breach of the injunction even if the right of action in such case accrued before the filing of the complainant's bill, if the right had not been reduced to a mere debt by the recovery of a judgment for the tort previous to that time. For the exemption of certain necessary articles from execution would be useless if the creditor could seize them on his execution, and when a suit was brought against him or the sheriff for damages could reach such claim and deprive the debtor of it by means of a creditor's bill. The recovery of a judgment for the tort to the defendant's exempt property, and even the collection of the amount of such judgment, will be no breach of the injunction in this case. The residue of the complainant's application is therefore denied with costs ; as there has been no breach of the injunction of which the complainant has any right to complain.

<span style="float:left">*Right of action for injury to debtor's property when it may be reached.*</span>

